FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 08, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHARI L. N.,<br><br>                Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | NO:  1:22-CV-3141-RMP<br><br>ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF |

BEFORE THE COURT, without oral argument, are briefs from Plaintiff Shari L. N.[1], ECF No. 10, and Defendant the Commissioner of Social Security (the "Commissioner"), ECF No. 12.  Plaintiff seeks judicial review, pursuant to 42 U.S.C. § 405(g) of the Commissioner's denial of her claims for Social Security Income ("SSI") under Title XVI, and Disability Insurance Benefits ("DIB") under Title II, of the Social Security Act (the "Act").  *See* ECF No. 10 at 1–2.

---

[1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first name and middle and last initials.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 1

Having considered the parties' briefs, Plaintiff's reply, ECF No. 13, the administrative record, and the applicable law, the Court is fully informed. For the reasons set forth below, the Court denies judgment for Plaintiff and directs entry of judgment in favor of the Commissioner.

## BACKGROUND

*General Context*

Plaintiff applied for SSI and DIB on approximately January 24, 2017, alleging disability onset on May 12, 2016. Administrative Record ("AR")[2] 407–17. Plaintiff was 51 years old on the alleged disability onset date and asserted that she was unable to work primarily due to a neck problem, diabetes, depression, anxiety disorder, headaches, and problems with her elbow, back, and leg. AR 446–47, 454. Plaintiff's claims proceeded to a hearing before Administrative Law Judge ("ALJ") Virginia Robinson on February 14, 2020. AR 76–101. ALJ Robinson issued an unfavorable decision, and the Appeals Council remanded the decision to reconsider the medical source opinion of Desmond Tuason, MD and to further evaluate the Plaintiff's bilateral carpal tunnel syndrome status post release surgery for purposes of formulating Plaintiff's RFC, obtaining additional evidence as necessary. AR 233–34.

---

[2] The Administrative Record is filed at ECF No. 8.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 2

ALJ Robinson conducted a hearing on remand on June 8, 2021, in Yakima, Washington. AR 91–132. Plaintiff was present and represented by attorney Tariq Khan. AR 93. The ALJ heard from vocational expert ("VE") Steve Duchesne as well as from Plaintiff. AR 99–131. ALJ Robinson issued an unfavorable decision on August 10, 2021. AR 38.

*ALJ's Decision*

Applying the five-step evaluation process, ALJ Robinson found:

**Step one:** Plaintiff meets the insured status requirements of the Act through December 31, 2021. AR 21. Plaintiff has not engaged in substantial gainful activity since May 12, 2016, the alleged onset date. AR 27 (citing 20 C.F.R. §§ 404.1572 *et seq*. and 416.971 *et seq*.).

**Step two:** Plaintiff has the following severe impairments: bilateral carpal tunnel syndrome; status post release surgery; spinal impairments (cervicalgia, right cervical radiculopathy, displacement of cervical interverbal disc without myelopathy, stenosis, and spondylolisthesis of the lumbar spine, status post surgery); adhesive capsulitis of the shoulder; left trigger thumb; lateral epicondylitis of the right elbow; tendonitis of the left wrist; and left wrist cyst, status post surgery. AR 27–28 (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). In addition, the ALJ found that other impairments mentioned in the record, including obesity, diabetes, hypothyroidism, hypertension, allergies, serous otitis media, and labyrinthitis, were

1  not severe because they occurred only sporadically, were acute or transient, appear
2  to have resolved, have been responsive to treatment, or do not cause more than
3  minimal workplace limitations.  AR 28.  The ALJ further found that, while the
4  impairments that she found to be severe "best capture the claimant's longitudinal
5  physical conditions during the period at issue[,]" she "nonetheless considered all of
6  the claimant's allegations and impairments" in assessing Plaintiff's residual
7  functional capacity ("RFC").  AR 28.  In addition, the ALJ found that Plaintiff's
8  medically determinable impairments include depression and adjustment disorder
9  with anxiety and depressed mood and that these mental impairments do not cause
10 more than a minimal limitation in Plaintiff's ability to perform basic mental work
11 activities and are, therefore, non-severe.  AR 28.

12 **Step three:** The ALJ concluded that Plaintiff does not have an impairment, or
13 combination of impairments, that meets or medically equals the severity of one of
14 the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§
15 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).  AR 29.  The
16 ALJ recited that Plaintiff's spinal condition does not meet listing 1.15 (disorders of
17 the skeletal spine resulting in compromise of a nerve root) because: (1) Plaintiff does
18 not have the neurologic examination findings required by listing 1.15B; (2) the
19 record lacks documentation that Plaintiff required the use of an assistive device or
20 could not use both upper extremities or either upper extremity independently to carry
21

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 4

out tasks involving fine and gross movements, for a continuous period of at least twelve months; (3) the record does not indicate that Plaintiff has used an assistive device, and Plaintiff's physical examination findings were often normal or nearly normal, including a normal range of motion in her upper and lower extremities; normal neurological findings with intact cranial nerves; and a normal gait. AR 29 (citing AR 29, 30–36, 1359, 1396).

Next, the ALJ found that Plaintiff's upper extremity impairments do not meet listing 1.18 (abnormality of a major joint in any extremity) because Plaintiff lacks the medical documentation to establish that, for a continuous period of twelve months or more, Plaintiff requires the use of an assistive device, or that she has no ability to use either or both upper extremities to carry out tasks involving fine and gross movements. AR 30 (citing AR 29, 30–36, 1359, 1396).

The ALJ also considered whether Plaintiff's carpal tunnel syndrome medically equals listing 1.18, addressing upper extremity impairments, or listing 11.14, addressing peripheral neuropathy, and found that the medical documentation did not establish the elements of either set of impairments. AR 30 (citing AR 29, 30–36, 1359, 1396).

**RFC:** The ALJ found that Plaintiff can perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with the following additional limitations:

> [S]he can stand and/or walk for up to four hours in an 8-hour workday; she can lift and/or carry up to ten pounds occasionally and frequently;

> she can sit for approximately six hours during an 8-hour workday; she can frequently push and/or pull with the upper extremities; she can frequently climb stairs and ramps; she can frequently crouch and balance; she can never climb ladders, ropes, or scaffolds; she can never crawl; she can occasionally stoop and kneel; she has unlimited ability to reach in any direction, except overhead, which is limited to occasionally; she can frequently handle, finger, and feel with her left hand; she can finger and feel approximately four hours in an 8-hour workday with her right hand; she must avoid concentrated exposure to extreme cold, excessive vibration, and workplace hazards; she is able to perform simple and detailed tasks and can accept instructions from supervisors; she is able to interact with coworkers and the public; and she can maintain normal attendance and complete a normal workweek.

AR 30.

In formulating Plaintiff's RFC, the ALJ found that while Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 31.

**Step four:** The ALJ found that Plaintiff is capable of performing past relevant work as a receptionist (semi-skilled, sedentary work); collections clerk (skilled, sedentary work); and circulation clerk (semi-skilled, sedentary work) because those positions do not require Plaintiff to perform work-related activities precluded by Plaintiff's RFC. AR 37–38 (citing 20 C.F.R. §§ 404.1565 and 416.965).

**Step five:** The ALJ concluded that Plaintiff has not been under a disability, as defined by the Act, from May 12, 2016, through the date of the ALJ's decision. AR 27 (citing 20 C.F.R. §§ 404.1520(g) and 416.920(g)).

Through counsel, Maren A. Bam, Plaintiff sought review of the ALJ's decision in this Court. ECF No. 1.

## LEGAL STANDARD

*Standard of Review*

Congress has provided a limited scope of judicial review of the Commissioner's decision. 42 U.S.C. § 405(g). A court may set aside the Commissioner's denial of benefits only if the ALJ's determination was based on legal error or not supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 7

[Commissioner] may reasonably draw from the evidence" also will be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

A decision supported by substantial evidence still will be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

**Definition of Disability**

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last, for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Act also provides that a claimant shall be determined to be under a disability only if the impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial gainful work

1  which exists in the national economy. 42 U.S.C. § 423(d)(2)(A). Thus, the

2  definition of disability consists of both medical and vocational components. *Edlund*

3  *v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

4      **Sequential Evaluation Process**

5      The Commissioner has established a five-step sequential evaluation process

6  for determining whether a claimant is disabled. 20 C.F.R §§ 416.920, 404.1520.

7  Step one determines if they are engaged in substantial gainful activities. If the

8  claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R.

9  §§ 416.920(a)(4)(i), 404.1520(a)(4)(i).

10      If the claimant is not engaged in substantial gainful activities, the decision

11  maker proceeds to step two and determines whether the claimant has a medically

12  severe impairment or combination of impairments. 20 C.F.R. §§ 416.920(a)(4)(ii),

13  404.1520(a)(4)(ii). If the claimant does not have a severe impairment or

14  combination of impairments, the disability claim is denied.

15      If the impairment is severe, the evaluation proceeds to the third step, which

16  compares the claimant's impairment with listed impairments acknowledged by the

17  Commissioner to be so severe as to preclude any gainful activity. 20 C.F.R. §§

18  416.920(a)(4)(iii), 404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1. If

19  the impairment meets or equals one of the listed impairments, the claimant is

20  conclusively presumed to be disabled.

21

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 9

1      If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work that they have performed in the past. If the claimant can perform their previous work, the claimant is not disabled. 20 C.F.R. §§ 416.920(a)(4)(iv), 404.1520(a)(4)(iv). At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy considering their residual functional capacity and age, education, and past work experience. 20 C.F.R. §§ 416.920(a)(4)(v), 404.1520(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents them from engaging in their previous occupation. *Meanel*, 172 F.3d at 1113. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 10

# ISSUES ON APPEAL

The parties' briefs raise the following issue regarding the ALJ's decision:

1. Did the ALJ erroneously fail to develop the record, resulting in a physical RFC unsupported by substantial evidence?

**Duty to Develop the Record**

Plaintiff argues that the ALJ erred by "play[ing] doctor" and interpreting for herself "raw evidence" of medical events that occurred after the most recent medical opinion in the record, Dr. Platter's April 2018 opinion. ECF No. 10 at 8–9 (citing AR 36). The "raw evidence," according to Plaintiff, consists of: a June 2019 treatment note indicating the Plaintiff reported lumbar pain at a nine in severity and that Plaintiff further reported bilateral low back pain with associated left lower extremity pain involving the left buttock and left posterior thigh; a September 2019 treatment note indicating that Plaintiff presented with intermittent right elbow pain with a severity level of 5, and the physician assessed Plaintiff with lateral epicondylitis of right elbow and tendinitis of left wrist; a March 19, 2020 MRI of Plaintiff's lumbar spine showing a transitional segment at the lumbosacral junction, grade I degenerative anterolisthesis of L4 on L5 by 3mm, and bilateral foraminal stenosis; an August 17, 2020 MRI of Plaintiff's left wrist revealing various abnormalities; a September 9, 2020 treatment record indicating that Plaintiff underwent a procedure to implant a spine fixation device and insert a spinal bone allograft due to spondylolisthesis of the lumbar region; and Plaintiff's own

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 11

testimony that she had a mass on her left wrist removed in February 2021, cannot open a jar, drops items, experiences numbness and tingling in her left hand, and can write for only five to ten minutes.  *Id.* at 9–10 (citing AR 102–03, 105, 857–60, 861, 863, 1344, 1348, 1420, and 1423).  Plaintiff submits that the "ALJ notably builds no bridge between said raw evidence and the highly specific RFC that she crafted" and that this failure constitutes legal error.  *Id.* at 10 (citing AR 36).  Plaintiff continues that the ALJ "rejected the only two physical opinions (which were notably from non-examining, non-treating physicians) and then failed to provide any explanation as to how she arrived at her highly-specific manipulative RFC findings[,]" leaving any subsequent reviewer to speculate as to what evidence supports the RFC.  *Id.* at 11 (citing AR 30–36).  Plaintiff argues that in light of rejecting the only physical opinion evidence of record and the staleness of that evidence given Plaintiff's subsequent medical developments, the ALJ had a duty to develop the record with a physical consultative examination.  *Id.*

The Commissioner responds that "Plaintiff cites no legal authority requiring that the record contain medical opinions to interpret certain 'raw' medical evidence." ECF No. 12 at 6.  The Commissioner argues that, contrary to Plaintiff's position, the Social Security regulations do not require a "direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) (quoted in ECF No. 12 at 6).

1  The Commissioner argues that Plaintiff's assertion that the ALJ "played doctor" by
2  evaluating post-April 2018 evidence ignores that the ALJ is "responsible for
3  translating and incorporating clinical findings in a succinct RFC." *Rounds v.*
4  *Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (quoted in ECF No.
5  12 at 6). The Commissioner further asserts that the ALJ considered the medical
6  evidence post-dating April 2018 and found it to contain generally unremarkable
7  objective findings. *Id.* at 7 (citing AR 32–33, 1163, 1184, 1363, 1387–88, and
8  1470). The Commissioner summarizes, "the ALJ considered all relevant evidence,
9  including evidence obtained after the last State agency reviewing consultant opinion,
10 to formulate a reasonable residual functional capacity finding." *Id.* Furthermore, the
11 Commissioner argues, the Appeals Council's remand order left the matter of
12 obtaining a consultative examination up to the ALJ's discretion, and the record,
13 which included updated medical reports showing unremarkable objective medical
14 findings, was neither ambiguous nor inadequate to trigger the ALJ's duty to develop
15 the record further. *Id.* at 9–10 (citing *Mayes v. Massanari*, 276 F.3d 453, 459–60
16 (9th Cir. 2001)).

17  Plaintiff replies that the *Rounds* opinion cited by the Commissioner is
18 distinguishable because in that case the ALJ had given weight to the opinion of a
19 medical source regarding the claimant's functional abilities, while here the ALJ
20 "considered and interpreted *raw medical data* on her own and attempted to translate
21

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 13

it into an RFC." ECF No. 13 at 2 (emphasis in original) (citing *Rounds*, 807 F.3d at 1005–06). Plaintiff argues that the ALJ's RFC formulation "is nothing more than her own lay medical opinion," which Plaintiff maintains is impermissible under Ninth Circuit authority. *Id.* at 3 (citing *Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir. 1999); *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975)). Plaintiff contends that after the ALJ dismissed the opinions of both state agency consultants "to varying degrees," the ALJ was not allowed to interpret "the post-April 2018 raw evidence herself by translating it into functional limitations based on her own lay understanding of the medical findings." *Id.* at 3–4. Plaintiff concludes that, because a consultative examination was warranted to provide a clinical interpretation of the post-April 2018 medical records, the ALJ violated the remand order's directive to obtain consultative examinations and medical source opinions "if warranted and available." *Id.* at 4 (citing AR 234).

The Appeals Council remanded this matter to the ALJ after finding that further evaluation was necessary: (1) to determine whether Plaintiff's bilateral carpal tunnel syndrome status post release surgery, left trigger thumb, and tendonitis of the left wrist support a more restrictive residual functional capacity than the "unlimited use of the left hand" that the ALJ found in her first decision; and (2) to explain the ALJ's treatment of the medical source opinion from state agency medical consultant Dr. Tuason. AR 233. The Appeals Council required the ALJ, on remand to:

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 14

- Obtain additional evidence concerning the claimant's impairments in order to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and existing medical evidence (20 CFR 404.1512 and 416.912). The additional evidence may include, if warranted and available, consultative examinations and medical source opinions about what the claimant can still do despite the impairments.
- Give further consideration to the claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations (Social Security Ruling 96-8p). In so doing, evaluate the nonexamining source opinions in accordance with the provisions of 20 CFR 404.1527 and 416.927, and explain the weight given to such opinion evidence.
- Further, if necessary, obtain evidence from a medical expert related to the nature and severity of and functional limitations resulting from the claimant's impairment (20 CFR 404.1513a(b)(2) and 416.913a(b)(2)).
- If warranted, obtain evidence from a vocational expert to determine whether the claimant has acquired any skills that are transferable to other occupations under the guidelines in Social Security Ruling 82-41, and to clarify the effect of the assessed limitations on the claimant's occupational base (Social Security Rulings 83-14 and 96-9p). The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy (20 CFR 404.1566 and 416.966). Further, before relying on the vocational expert evidence, the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).

AR 234.

The ALJ memorialized that she considered the opinions of state agency physical consultants Drs. Tuason and Platter in reaching her decision on remand.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 15


AR 35–36.  The ALJ gave "some weight" to Dr. Tuason's October 2017 opinion, reasoning that while Dr. Tuason did not have the opportunity to examine Plaintiff or to review the updated medical record, Dr. Tuason's opinion is:

> nevertheless generally consistent with the longitudinal record to include, for example, the often normal or near normal findings on physical examination such as a normal range of motion throughout her musculoskeletal system and extremities with normal neurological findings; the claimant's generally benign presentation indicating that her pain symptoms are not as severe or frequent as alleged; evidence that her symptoms have improved with treatment to include surgery; and her ability to engage in activities that suggest greater manipulative functioning than alleged[.]

AR 35–36.  However, the ALJ gave "little weight" to the portion of Dr. Tuason's opinion that Plaintiff has a limited ability to finger with her left hand, without any specific limitations, because:

> it is out of proportion to the longitudinal record to include, for example, evidence suggesting that her carpal tunnel symptoms improved with surgery and findings on physical examination subsequent to his opinion indicating that while she had a palpable left wrist mass that also had an active pain free range of motion in her left wrist, normal upper extremity neurovascular findings, normal left wrist strength, and no left wrist crepitus or edema.

AR 36 (citing AR 30, 1359, 1362, 1391, and 1396).

The ALJ indicated that she gave "weight" to the opinion of Dr. Platter for the same reasons that she gave some weight to Dr. Tuason's opinion.  AR 36.  The ALJ noted that the RFC "is more restrictive than opined by Dr. Platter to account for any residual symptoms or limitations."  AR 36.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 16

Plaintiff does not cite the Court to any authority prohibiting the ALJ from evaluating whether the updated medical record was consistent with the earlier medical source opinions in the same manner that the ALJ evaluated whether the opinions were consistent with Plaintiff's medical record that was in place at the time that the opinions were written. Plaintiff does not dispute that the ALJ accurately cited to evidence that Plaintiff presented, in the period after the opinions were issued, with relevant, unremarkable objective findings. *See* AR 1359, 1362, 1391, and 1396. Plaintiff does not cite to any regulation or other authority that requires an ALJ to obtain a consultative examination in the presence of substantial evidence of unremarkable findings, and the Appeals Council's remand order did not require anything more.

The Court finds no error based on the ALJ's duty to develop the record and, as this is the sole issue raised by Plaintiff, grants judgment in favor of the Commissioner.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Opening Brief, **ECF No. 10**, is **DENIED**.

2. Defendant the Commissioner's Brief, **ECF No. 12**, is **GRANTED**.

4. Judgment shall be entered for Defendant.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order, enter judgment for Defendant as directed, provide copies to counsel, and **close the file** in this case.

**DATED** January 8, 2024.

                            *s/ Rosanna Malouf Peterson*
                            ROSANNA MALOUF PETERSON
                            Senior United States District Judge